### JEAN FOSS *v.* M. BRENTEL et al.

When a judgment on a rule passes finally upon the merits of a controversy between parties, it will have the same effect as a decree rendered in any other form of proceeding.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *L. U. Gaiannie*, for plaintiff and appellant. *McCarty & Coleman*, for defendant.

MERRICK, C. J. As we understand the appellant's brief, this case presents but two questions, viz : Whether an order of court making a rule absolute can, where it has the effect to dispossess a person of property, have the effect of the thing adjudged ? And if so : Whether the judgment on the rule in the contro-

versy between the defendant, *Mrs. Brentel*, alone, and *Jean Foss*, relative to the
possession of the stall in the Dryades market, can be pleaded in bar of the suit
of *Jean Foss* against *Mrs. Brentel* and *John Weber*?

<div align="right">Foss<br>*v.*<br>Brentel</div>

If the judgment on a rule passes finally upon the merits of a controversy be-
tween parties, no valid reason can be urged why it should not produce the same
effect as a decree in any other form of proceeding. As it ends all controversy in
a cause, and with it the cause itself, it is a *judgment*, and as such must pro-
duce all effects declared by law to be the incidents of a judgment.

The controversy between *Mrs. Brentel* and *Foss* is, as to those two, a contro-
versy between the same parties, in the sense of Article 2265 of the Civil Code.
*Foss* cannot deprive her of her plea of *res judicata*, by joining another person
with her in the second suit. This would be an easy mode of defeating the plea
in all cases.

But as to the defendant, *Weber*, the case is somewhat different. He was not a
party to the suit between *Mrs. Brentel* and *Foss*, and, strictly speaking, the plea
of *res judicata* does not apply to him. But in the former suit, the possession of
the stall was decreed to *Mrs. Brentel*, and it is the execution of this judgment
which plaintiff seeks to arrest. Now, *Weber* can defend himself, by showing
title in *Mrs. Brentel*, and authority from her, and as the plaintiff sets up no
special cause of action against *Weber*, we think when the plea of *res judicata* is
sustained in favor of *Mrs. Brentel*, and she is permitted to execute her judgment,
the plaintiff has no longer any interest in maintaining his action against *Weber*,
and, as a consequence, must fail in his suit. C. P. Art. 15.

It thus appears that the judgment of the lower court ought to be affirmed, and
it is so decreed.